Allen, J.
delivered the opinion of the court.
This was a proceeding by notice to recover from the sheriff of Fayette county and his sureties money collected by his deputy on an execution.
The sheriff gave bond and qualified on the 17th of March 1840. On the 8th of September 1840, a fi. fa., made returnable on the 1st Monday of November following, was placed in the hands of William Tyree, who had qualified and was acting as deputy for the sheriff, and was returned by said deputy executed on personal property, and not sold for want of bidders.
The high sheriff qualified and gave bond, with different sureties, under a second commission, on the 16th of March 1841. Tyree again qualified as deputy sheriff at the same term; and there was no order made thereafter, displacing him; and at the end of the second year another person qualified as sheriff. On the 24th of March 1848, the plaintiff caused a venditioni exponas to issue, which was directed to E. D. Yandal, late sheriff of Fayette county, which came to the hands of William Tyree, and was returned by him as deputy of said Vandal, “ satisfied.”
Upon this state of facts it becomes necessary to determine whether, at the time of this last return, Tyree-was the deputy of the high sheriff in this transaction, so as to bind his principal; and if he was, which set of sureties, those of the first or second year, would be responsible.
It being impossible for the high sheriff to attend personally to everything pertaining to his office, the law, from the necessity of the case, allows him to make a deputy, and implicitly gives him power to execute all the ordinary offices of the sheriff, where the personal presence of the sheriff is not required by law. Bac. Ab. title Sheriff, letter H.
The full power to do any act or thing which his principal might have done is so essential, that accord *61 ing to Holt, C. J., giving the opinion of the court, in Parker v. Kett, 1 Salk. R. 95, the power of the deputy cannot be restrained to be less than that of his principal, save only that he cannot make a deputy.
The authority of the deputy being thus unlimited as to extent, must also be equally indefinite as to duration, unless it be revoked. Accordingly, it was held, in Jackson v. Collins, 3 Cow. R. 89, that the authority of the deputy was limited by the duration of the authority of the principal, and did not cease when a new sheriff had taken the office.
In that case, the deputy had sold land by virtue of an execution, and had given the purchaser a certificate that he would be entitled to a deed at the expiration of 15 months; and he executed the deed about a year after the high sheriff went out of office. The court held that an execution against the property of the defendant, partly executed by the old sheriff, shall be completed by him, and that, quoad hoc, he is in office, and the acts of a deputy, in relation to such an execution, are the acts of the principal.
So in Larned v. Allen, 13 Mass. R. 295, warrants were placed in the hands of a deputy to collect. He collected a part before his principal went out of office; and having been appointed a deputy by the succeeding sheriff, collected the residue of the warrants after his last appointment. In an action against the sureties in a bond given by a deputy to the .first sheriff, it was decided that as the warrants were put into his hands when he was deputy of the plaintiff, his power to complete the execution of them continued by virtue of the plaintiff's appointment; and the plaintiff had judgment. The same principle was affirmed in Hill v. Fitzpatrick, 6 Ala. R. 314; and The People v. Baker, 20 Wend. R. 602.
In this court, the principle has been recognized, and acted upon in Dabney's adm'r v. Smith, 5 Leigh 13, and *62 Douglas v. Stump, 5 Leigh 392. In these cases, administration having been committed to the sheriff, the had been conducted by the deputy after the sheriff’s term expired; and it was held that the Paipai and his sureties were answerable for the deputy’s administration after as well as before the term expired.
In the last case Tucker, president, said that the acts of the deputy, after the expiration of the sheriff’s term of office, are to be considered as the sheriff’s official acts, unless he took the proper steps to remove the deputy. These authorities show that the appointment and authority of the deputy continue as long as the principal has any duty to perform as sheriff, which may be performed by the deputy, unless the authority is revoked, or the principal dies.
That the sheriff, after he is out of office, is authorized and may be compelled to sell the goods which he has levied on under an execution, is well settled. The same sheriff who begins an execution must end it. 2 Wms. Saund. 47 m, n 2.
In England, according to the opinion of Holt, C. J., in Clerk v. Withers, 6 Mod. R. 299, a case twice elaborately argued, if a sheriff returns a levy and no sale for want of bidders, he may, if out of office, sell without a venditioni exponas. If he continue in office, he may be compelled to sell by a venditioni exponas; and if he be out of his office, a distringas nuper vicecomitam goes to the new sheriff to distrain the old sheriff to sell. But these writs give him no new authority to sell, but are only intended to quicken him to do his duty, and also to give the parties interested the benefit of an official return, upon which, under our statutes, summary proceedings may be had. The writ of distringas is obsolete in Virginia, and is in fact rendered unnecessary by the 23d section of the act concerning executions, 1 Rev. Code 533. That act provides, that *63 if the goods taken by the sheriff, or any part thereof, remain in his hands unsold, he shall make return thereof accordingly; and thereupon the clerk is required to issue a venditioni exponas to such sheriff directed. The directions of the- act apply as well to a sheriff whose term of office has ceased, as to him whose office continues. In the case under consideration, the levy was made by the officer who qualified and gave bond on the 17th March 1840, as the execution was issued and levied before the expiration of the term of office for that year; and the sureties for that year were properly proceeded against upon the return of the deputy on the venditioni exponas.
Judgment should be affirmed with costs.
Judgment affirmed.